Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ORIENTAL BANK<br><br>Demandante-Recurrido<br><br>v.<br><br>ZAF CORPORATION; GRANITE STONE DESIGN, INC.; FIDEL CASTILLO ORTIZ; ZULMA CASTILLO ORTIZ; ANGELINA ORTIZ CINTRÓN; FACAS LLC.<br><br>Demandados-Recurridos<br><br>**GRACE MONGE LA FOSSE**<br><br>**Peticionaria** | KLAN202300604 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: D CD2014-3040<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria<br><br>**SE ACOGE COMO *CERTIORARI*** |

Panel integrado por su presidente, el juez Rivera Torres, la jueza Santiago Calderón y la jueza Álvarez Esnard.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de julio de 2023.

Comparece ante este Tribunal de Apelaciones la Sra. Grace Monge La Fosse (la señora Monge La Fosse o la peticionaria) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revisemos la Resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (el TPI), el 19 de mayo de 2023, notificada el 23 del mismo mes y año. En dicho dictamen, el foro primario reiteró que la peticionaria **no es parte del presente pleito** y que al mismo no le es de aplicación la figura de retracto de crédito litigioso.

---

[1] Debido a que la Hon. Olga E. Birriel Cardona cesó funciones como jueza del Tribunal de Apelaciones se modifica la integración del panel en el caso de epígrafe. (OATA-2023-128 13 de julio de 2023)

Número Identificador
RES2023 _____

El recurso de apelación presentado se acoge como una petición de *certiorari* por ser el recurso adecuado. Sin embargo, por economía procesal, conservará la clasificación alfanumérica asignada por nuestra Secretaría.

Por los fundamentos que exponemos a continuación, denegamos la expedición el auto de *certiorari* solicitado.

**I.**

El caso de epígrafe tiene su génesis el 21 de noviembre de 2014 mediante una *Demanda* en Cobro de Dinero y Ejecución de Hipoteca instada originalmente por Scotiabank de Puerto Rico contra los demandados de epígrafe.[2]

Luego de múltiples trámites procesales, los cuales no son necesarios consignar, el 19 de mayo de 2023 se dictó la *Resolución* recurrida en la cual, luego de celebrada la vista argumentativa, se resolvió que la peticionaria no tiene derecho a ser parte en el pleito y reafirmó que la figura del retrato de crédito litigioso no es aplicable. El 6 de junio siguiente la peticionaria solicitó la reconsideración del dictamen y la aplicación de la Regla 22.3 de las de Procedimiento Civil a los fines de ser incluida "dentro del componente de parte demandada."[3] Oriental Bank, actual demandante, presentó su oposición. Adujo que la señora Monge La Fosse pretender relitigar dictámenes previos que constituyen la ley del caso. A su vez, señaló que "[l]a conducta de la Sra. Monge raya en un abuso del derecho con el propósito de seguir atrasando los trámites del caso."[4] Atendidas ambas mociones el foro recurrido declaró *No Ha Lugar* a la reconsideración.

---

[2] Destacamos que al día de hoy el TPI no ha dictado sentencia final.
[3] Véase el Apéndice del Recurso, a la pág. 976
[4] *Íd.*, a la pág. 1010.

Aún inconforme, la peticionaria acude ante este foro intermedio mediante el recurso de epígrafe imputándole al tribunal de primera instancia haber incurrido en el siguiente error:

EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL DENEGAR LOS DERECHOS DE LA CESIONARIA BAJO LA REGLA 22.3 DE PROCEDIMIENTO CIVIL Y AL NO REINSTALAR EL CORRECTO DICTAMEN, FINAL Y FIRME, DEL HON. JUEZ ANDINO OLGUÍN ARROYO QUE DECLARÓ CON LUGAR EL RETRACTO DE CRÉDITO LITIGIOSO Y ORDENÓ AL DEMANDANTE INFORMAR EL PRECIO PAGADO POR EL CRÉDITO [EL EJERCICIO DEL DERECHO SE INTERPUSO ANTES DEL CASO DEL DLJ v. SANTIAGO, 2019 TSPR 129].

Examinado el recurso presentado, y al tenor de la determinación arribada, determinamos prescindir del escrito en oposición según nos faculta la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, (R. 7).

Analizados el escrito y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla <u>limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*.</u>

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone

expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, **denegatoria de una moción de carácter dispositivo**, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, reiteramos que para determinar si debemos expedir un auto de *certiorari,* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las antedichas materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Sin embargo, aún cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97

(2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

**III.**

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida regla surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar el dictamen aquí recurrido. Además, el caso de autos no está revisto de un interés público ni representa alguna situación que nos permita colegir que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Sin embargo, aún cuando consideráramos que la situación planteada está comprendida dentro de los postulados de la Regla 52.1, evaluados los argumentos al crisol de los criterios de la Regla 40, *supra*, determinamos que ninguno se encuentra presente, por lo que declinamos la invitación de la peticionaria a intervenir con lo actuado por el TPI. Sobre todo, cuando este caso de cobro de dinero y ejecución de hipoteca lleva más de ocho (8) años litigándose.

De otro lado, puntualizamos que, contrario a lo planteado por la señora Monge La Fosse, surge del apéndice del recurso que desde el 17 de marzo de 2022 el TPI resolvió que esta no es parte en este caso y que fue relevada de la representación legal de la parte demandada al ser separada en el 2019 por nuestro Tribunal

Supremo de la profesión legal.[5] Dicha determinación no fue recurrida y a partir de esta, la peticionaria ha instado múltiples mociones intentando ser incluida como parte en el caso, alegando ser ahora la cesionaria del "crédito litigioso" de los demandados. Atendidos sus reclamos, el TPI determinó en la *Resolución* recurrida que esta no tiene legitimación activa en este caso al no ser parte y reafirmó que la figura del crédito litigioso no es aplicable al presente pleito.

En conclusión, ante la ausencia de los criterios dispuestos en la Regla 40 de nuestro Reglamento, *supra*, y ante la falta de elementos de perjuicio, parcialidad o error manifiesto de derecho por el tribunal primario, estamos impedidos de variar la determinación cuya revisión se solicita.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS<br>
Secretaria del Tribunal de Apelaciones

---

[5] *Íd.*, a la pág. 914. Incluso, la peticionaria instó el 29 de abril de 2022 una solicitud de recusación que fue declarada no ha lugar. Inconforme acudió ante esta *Curia* mediante un recurso de apelación que fue acogido como uno de *certiorari* (KLAN202200391) y desestimado por falta de jurisdicción al concluir que **la actuación de la peticionaria era nula**. La señora Monge La Fosse no podía actuar como representante de ZAF Corporation al ser suspendida indefinidamente del ejercicio de la abogacía. Véase, además, *In re Monge La Fosse*, 202 DPR 594 (2019).